# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

FP APEX POSNER PARK OWNER, LLC,

    Plaintiff,

v.                                        Case No. 8:25-cv-1064-TPB-CPT

DESTINY RORIE and
MUHAMED MUTASSIM,

    Defendants.
_____/

## ORDER REMANDING CASE

This matter is before the Court *sua sponte* on Defendants Destiny Rorie and Muhamed Mutassim's notice of removal. (Doc. 1). After reviewing the notice of removal, court file, and the record, the Court finds as follows:

The present case stems from an eviction action filed by Plaintiff FP Apex Posner Park Owner, LLC d/b/a Apex Posner Park on April 14, 2025, in the county court in and for Polk County, Florida. According to the complaint, Plaintiff owns or is the lessor of real property – Apex Posner Park – and Defendants failed to pay rent for March in the amount of $1,605.00.[1]

On April 29, 2025, Defendants attempted to remove the case from state court. In the notice of removal, Defendants contend that jurisdiction is proper because the case presents federal questions arising under the Fair Debt Collection Practices Act.

---

[1] Plaintiff claims that Defendants owe the total sum of $2,030.23.

This matter does not belong in federal court. Under 28 U.S.C § 1331, district courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of § 1331, the Court applies the well-pleaded complaint rule to determine whether a claim arises under federal law. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001).

Here, Plaintiff brought an eviction complaint in state court pursuant to state law. Although Defendants did not include copies of the state court filings with their notice of removal, the Court has reviewed the state court docket. The complaint does not assert a cause of action under the United States Constitution or any federal statute, nor does Plaintiff's right to evict depend on the resolution of any federal issue. *See Smith*, 236 F.3d at 1310 ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (internal quotations omitted).

To the extent Defendants attempt to rely on their "counterclaim" (Doc. 3), it is well-settled that defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action – instead, federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826,

830-32 (2002).  As such, the Court lacks federal question jurisdiction, and the case is due to be remanded.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This action is **REMANDED** to the County Court in and for Polk County, Florida, due to lack of subject matter jurisdiction.

2. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>29th</u> day of April, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE